B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** Noreen Wiscovitch, Chapter 7 Trustee on Behalf of the Bankruptcy Estate of Fiddler, Gonzalez & Rodriguez, PSC | **DEFENDANTS** MICROSOFT CORPORATION |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) JAVIER VILARINO VILARINO & ASSOCIATES LLC, PO BOX 9022515, SAN JUAN, PR 00902 TEL. 787-565-9894 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only) ☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor        ☐ Other ☒ Trustee | **PARTY** (Check One Box Only) ☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor        ☐ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Re: Turnover of Property of the Estate, Willful Violation of the Automatic Stay, Pursuant to 11 U.S.C. §§ 105(a), 362(a)(3), 541(a)(1), 542(a); FRBP 7001(1), and 7001(7).

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ 0 |

Other Relief Sought
Turnover of property of the estate.

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>FIDDLER, GONZALEZ & RODRIGUEZ, PSC | BANKRUPTCY CASE NO.<br>17-03403(MCF) | |
| DISTRICT IN WHICH CASE IS PENDING<br>SAN JUAN | DIVISION OFFICE | NAME OF JUDGE<br>HON. MILDRED CABAN |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br> /S/ JAVIER VILARINO | | |
| DATE<br>JANUARY 23, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>JAVIER VILARINO | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Bankruptcy No.: 17-03403 (MCF) |
| **FIDDLER GONZALEZ & RODRIGUEZ, P.S.C.** | Chapter 7 |
| Debtor | Adv. Proc. No.: _____ |
| **NOREEN WISCOVITCH, CHAPTER 7 TRUSTEE ON BEHALF OF THE BANKRUPTCY ESTATE OF FIDDLER, GONZALEZ & RODRIGUEZ, P.S.C.** | Re: Turnover of Property of the Estate, Willful Violation of the Automatic Stay, Pursuant to 11 U.S.C. §§ 105(a), 362(a)(3), 541(a)(1), 542(a); FRBP 7001(1), and 7001(7). |
| Plaintiff | |
| Vs. | |
| **MICROSOFT CORPORATION** | |
| Defendant | |

### COMPLAINT

TO THE HONORABLE MILDRED CABÁN FLORES,
UNITED STATES CHIEF BANKRUPTCY JUDGE:

**COMES NOW,** by counsel, the duly appointed and acting Chapter 7 trustee of the bankruptcy estate of Fiddler, González & Rodríguez, P.S.C., ("Debtor"), Noreen Wiscovitch-Rentas (the "Trustee" or "Plaintiff"), who respectfully alleges, states, and prays as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and the General Order of referral to Title 11 proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).

2.      This adversary proceeding is brought pursuant to FRBP 7001(1), and 7001(7) of Title 11, United States Code (the "Bankruptcy Code").

3.      This venue is appropriate in this court under 28 U.S.C. §§ 1409(a).

4.      This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(E).

1

5.     The Trustee is filing the instant complaint in order to preserve the estate's rights under the listed causes of action and reserves the right to dismiss these after further investigation and/or discovery.

6.     The amounts claimed as part of the following causes of action may overlap. They can be considered individually, or they can be taken as a whole for the total amount listed in the final cause of action.

## THE PARTIES

7.     The Plaintiff, the bankruptcy estate of the Debtor, is represented by Noreen Wiscovitch-Rentas, who is appointed as Chapter 7 Trustee.

8.     The Defendant, Microsoft Corporation ("Microsoft"), is a service provider for the information systems of the Debtor. The Defendant was also listed in the bankruptcy schedules as a Creditor of the Debtor.

## BACKGROUND

9.     On May 16, 2015, the Debtor filed a voluntary petition under the provisions of Chapter 7 of the Bankruptcy Code (the "Petition Date") in which the Debtor included Microsoft Corporation (the "Defendant" or "Microsoft") as a creditor. [Bankruptcy Case No. 17-03403; Dkt. 1, p. 64]

10.     On even date, the appearing Trustee was duly appointed in the captioned case by the Court. [Bankruptcy Case No. 17-03403; Dkt. 5]

11.     On May 18, 2017, the Court entered a certificate of service indicating that a notice of the main bankruptcy case was served upon the Defendant at: Microsoft Corporation, Latin America Collections, Bank of America, Lockbox 848441, Dallas TX 75284-8441. [Bankruptcy Case No. 17-03403; Dkt. 7, Notification # 4468839]

2

12.     On November 21, 2017, the bankruptcy estate's Technology consultant Marcel Morales (the "Technology Consultant") opened job number SRX1405737833ID with the Defendant to obtain the passwords in order to gain access to the Debtor's e-mail system. On November 24, 2018, the Defendant contacted the Technology Consultant to request additional information to process the request. [*See* Exhibit 1]

13.     On February 26, 2018, the Technology Consultant received a communication by a Microsoft representative informing him that the service request had been cancelled. The representative refused to provide the Technology Consultant with the requested information. Instead, Microsoft referred him thereafter to the Defendant's legal department without providing a vehicle to channel the request. At this point Microsoft was already on notice of a bankruptcy procedure and was exercising undue control over property of the estate. [*See* Exhibit 2]

14.     On March 8, 2018, the Trustee served the Defendant a legal hold notice (the "Legal Hold Notice") requesting the immediate attention and assistance from the Defendant. The request included the preservation of all records and all electronic communication and documents of the Debtor, which belong to the estate. Therefore, despite the robust evidence currently in possession of the Plaintiff, the passwords, being property of the estate, are relevant to the case and the forthcoming litigation of several causes of action against third parties for counts including, but not limited to, breach of contract, breach of fiduciary duty, and several counts of fraud. The document was served on Microsoft's legal division at One Microsoft Way, Redmond, WA 98052-6399 [*See* Exhibit 3]

15.     On June 19, 2018, the Trustee served upon the Defendant a subpoena requesting any engagement letters, passwords, activity ledgers for all the Office 365 licenses and the names of the persons managing the licenses associated with the Debtor among others, which are property

3

of the estate under the provisions of the Bankruptcy Code. However, Microsoft ignored the contents of the subpoena.

16.     On November 6, 2018, the subpoena was sent to the Defendant's local office through an e-mail which clearly delineated the Trustee's attempts to acquire the passwords. [*See* Exhibit 4]

17.     On November 19, 2018, Plaintiff requested again to the Defendant that a hold be placed on the Debtor's accounts and made itself available to provide information to help produce the passwords related to the Debtor's information systems. Also, there were telephone conferences held between the parties regarding such matters. [*See* Exhibit 5]

18.     On that date, the Defendant sent boiler plate objections to Plaintiff's subpoena stating that the data requested is owned and controlled by the "customer". The Defendant also remarked that the letter and materials sent by the Trustee lacked identification of an account against which any action could be taken. [*See* Exhibit 6] No production of the passwords was effected.

19.     On January 18, 2019, the Plaintiff sent a last resort e-mail to the Defendant's legal representatives to procure the administrative passwords owned by the bankruptcy estate. The Defendant was put on notice that if the passwords were not produced, the Plaintiff would promptly move the Court for injunctive relief. [*See* Exhibit 7]

20.     As of today's date; after communications with the estate's Technology consultant, a Legal Hold Notice, subpoenas, e-mails, and telephone conferences requesting the passwords to gain access, the Defendant refuses to produce them. Also, the Defendant has not yet produced any of the documentation or information required by the Plaintiff in clear violation of the subpoena and the Rules. As such, the Defendant continues to violate the Automatic Stay. Turnover of the property is warranted.

**TURNOVER OF PROPERTY, AND WILLFUL VIOLATION OF THE AUTOMATIC STAY PURSUANT TO
11 U.S.C. §§ 105(a), 541(a)(1), 542(a) AND FRBP 7001(1)**

### *Applicable Law and Discussion*

21.     The Bankruptcy Code defines "property of the estate" as comprising "**all legal or
equitable interests of the debtor in property as of the commencement of the case.**" *See* 11
U.S.C. § 541(a)(1) [emphasis ours]

22.     The business relationship between the Debtor and the Defendant engendered items
which are considered part of the bankruptcy estate. Among these is the Office 365 account which
the Debtor held in Defendant's cloud system. Defendant is listed as a creditor of the Debtor in the
schedules for services related to the Debtor's information systems.

23.     Also, the information about the passwords for access to the e-mail system and/or
Office 365 licenses, the contents of virtual servers, their online ports and information about any
partner (or any other partner to provide services) used by the Defendant are property of the estate
since the Debtor had legal or equitable interests in them pursuant to 11 U.S.C. § 541(a)(1).

24.     On the other hand, Section 542 of the Bankruptcy Code has provisions regarding
the turnover of property by the Trustee of the bankruptcy estate which ultimately will benefit the
distributions to unsecured creditors stating that "…an entity,…shall deliver to the trustee and
account for, such property or the value of such property, unless such property is of inconsequential
value to the estate." *See* 11 U.S.C. § 542(a) Therefore, the Defendant has the duty to deliver and
turnover Plaintiff the passwords for the Debtor's Office 365 account as it has been continuously
requested by the estate's professionals.

25.     Furthermore, Section 362 of the Bankruptcy Code subjects to the Automatic Stay
any act to "obtain possession of property of the estate or of property from the estate or to exercise
control over property of the estate". *See* 11 U.S.C. § 362(a)(3). In the captioned case the Defendant

willfully and continuously holds property of the estate and denies the surrender of the passwords

for the Debtor's Office 365 account to the estate's professionals. Also, the Defendant ignores the

Legal Hold Notice and the subpoenas served by the Plaintiff arguing that the customer is the legal

holder of the property, which in this case is the Plaintiff. The Defendant has full knowledge of

these facts. By doing this, the Defendant willfully exercises undue control over property of the

estate in violation of the Automatic Stay and as such, should be ordered to turn over the property

(passwords) and grant access to the Office 365 account to the Trustee. [*See* Exhibits 3 & 6]

26.     The Defendant is aware of the captioned bankruptcy proceeding since the filing of

the proceedings by receiving notices from the Court itself, due to its status as a listed creditor of

the estate. [Bankruptcy Case No. 17-03403; Dkt. 7, Notification # 4468839]. Also, the Technology

Consultant and other consultants have channelled the controversy under all available means, with

no results. Microsoft exercises undue control over property of the estate. [*See* Exhibit 2]

27.     The Defendant's objection to the Plaintiff's requests for passwords for the Debtor's

Office 365 account and other related information rests on the basis that the data is owned and

controlled by the customer. However, the Defendant and their legal department have been advised

of the Plaintiff's appointment and the orders authorizing the professionals to work on behalf of the

estate. The fact that the Plaintiff and its professionals are in the shoes of the customer is easily

verifiable and the evidence has been sent to Defendant since the inception of the case. The

Defendant has willfully violated the Automatic Stay and should be summarily ordered to turn over

the passwords and grant access to the Office 365 account to the Trustee, and to comply with the

production of information requested by the Plaintiff to prevent any damage to the bankruptcy

estate.

**WHEREFORE**, the Trustee respectfully requests from this Court to enter an order: compelling the Defendant to turn over the passwords and grant access to the Office 365 account of the Debtor and other information requested by the Plaintiff, to prevent damage to the bankruptcy estate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 23rd day of January 2019.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT ON THIS SAME DATE, I ELECTRONICALLY FILED THE FOREGOING WITH THE CLERK OF THE COURT USING THE CM/ECF SYSTEM WHICH WILL SEND NOTIFICATION OF SUCH FILING TO ALL REGISTERED CM/ECF PARTICIPANTS.

*/s/ Noreen Wiscovitch-Rentas*
NOREEN WISCOVITCH-RENTAS
Appointed Chapter 7 Trustee

*/s/ Javier Vilariño*
JAVIER VILARIÑO
USDC NUM. 223503

**VILARIÑO & ASSOCIATES LLC**
PO BOX 9022515
San Juan, PR 00902-2515
Tel. 787-565-9894
E-mail: jvilarino@vilarinolaw.com

7

**rnegron@vilarinolaw.com**

| | |
|---|---|
| **From:** | Marcel Morales <marcel@moratekpr.com> |
| **Sent:** | Wednesday, December 26, 2018 11:47 AM |
| **To:** | rnegron@vilarinolaw.com |
| **Cc:** | Jeselle Marrero; Jeselle Marrero |
| **Subject:** | Fwd: SRX1405737833ID - CONSULTA MICROSOFT |

FYI

Marcel Morales

**Technology Consultant**
**Mor@tek Solutions & Consulting Services LLC**
**787-504-5147**

Begin forwarded message:

> **From:** Marcel Morales <marcel@moratekpr.com>
> **Date:** November 24, 2017 at 3:59:52 PM AST
> **To:** Noreen Wiscovitch-Rentas <noreen@nwr-law.com>, Javier Vilarino <jvilarino@vilarinolaw.com>
> **Subject: FW: SRX1405737833ID - CONSULTA MICROSOFT**
>
>
> Marcel Morales
> **MCTS, MCSA, MCITP, MCT, CMITC, Network+, A+, Security+, CCSS, CNDP, CCFI & NEITP**
> **Technology Consultant**
> **787-504-5147**
> **Webmeeting click-to-call https://berg.3cx.net/join/marcel**
>
> 
>
> **From:** Microsoft Customer Support
> [mailto:CNTUS.COMR.LA.00.ES.TPR.BOG.CS.T01.CUS.00.EO@css.one.microsoft.com]
> **Sent:** Friday, November 24, 2017 2:51 PM
> **To:** marcel@moratekpr.com
> **Subject:** SRX1405737833ID - CONSULTA MICROSOFT
>
>
> Apreciado,
>
> **MARCEL MORALES,**
>
> Gracias por contactarse con el servicio al cliente y soporte de Microsoft.
>
> Continuando con su consulta me permito informarle que para continuar asistiéndole es
> necesario que proporcione los datos solicitados a contnuación:

- Nombre de la empresa que realiza la investigación, nombre de la persona encargada de la investigación, teléfonos de contacto.

- Nombre del dominio a recuperar acceso como administrador.

- Documento .pdf con datos correspondientes a la investigación, organismo encargado, agente encargado de la investigación.

Puede comunicarse de nuevo con nosotros ubicando el número de teléfono en el siguiente enlace:
https://support.microsoft.com/en-us/help/13948/global-customer-service-phone-numbers


Estamos pendiente de su comunicación


Atentamente,
Luis Javier Fajardo Chapeta

Centro de Atención al Cliente



Atendemos sus preguntas generales también en Facebook y Twitter

EXHIBIT 2

Case 19-00008-MCF Doc#:1-1 Filed:01/23/19 Entered:01/23/19 16:16:56 Desc: Main
Document Page 12 of 32

**From:** Microsoft Customer Support [mailto:OLSJIC9ALQSAWV1.00.EN.MSFP.CRM.T3.T0135FPS1P@css.one.microsoft.com]
**Sent:** Monday, February 26, 2018 6:58 PM
**To:** marcel@moratekpr.com
**Subject:** SRX1416996994ID - LATAM | PR | Admin access issues <No Reply Necessary>

Hello Marcel,

This is a follow-up to our phone conversation. Per our discussion we will be closing this Service Request with the status of: cancelled, as you will need to contact the legal department in order to gain access.

This is the contact information for legal department:

(https://www.microsoft.com/en-us/WorldWide.aspx)

United States

Mail information to:

Microsoft Corporation

ATTENTION: Microsoft Legal (CELA)

One Microsoft Way

Redmond, WA 98052-6399

Fax Information to: Microsoft Corporation

ATTENTION: Microsoft Legal (CELA)

(425) 936-7329

City View Plaza I Suite 107
#48 State Road 165 Km 1.2
Guaynabo PR 00968
Puerto Rico

Teléfono: (787) 273-3600
Fax: (787)273-3634

The Office 365 Data Protection team strives to deliver an exceptional customer support experience and welcomes your feedback!

After this case is archived, you may receive a survey to grade your interactions with me as well as your overall support experience. **Please note that questions 1 - 3 are specific to the support I provided**. Comments about your overall experience can be provided in the text box.

This case will be available within the Microsoft Online Admin Portal for future reference.

<No Reply Necessary>

Warm Regards,

Isaac Blanco Garcia

Support Engineer | Microsoft Office 365 Data Protection
Main line : 866-807-5850
Direct Line : +1 855-425-2648 x 60234
Working hours : Sunday to Thursday from 9pm to 4am  Pacific Time Zone

# VA VILARIÑO & ASSOCIATES
### LLC
**P O Box 9022515 San Juan, PR 00902-2515**

Javier Vilariño, Esq.
Tel. (787) 565-9894

Website: www.vilarinolaw.com
E-mail: jvilarino@vilarinolaw.com

## IMPORTANT LEGAL HOLD NOTICE

March 8, 2018

### BY MAIL:

Microsoft Corporation
Attn. Microsoft Legal (CELA)
One Microsoft Way
Redmond, WA 98052-6399

RE: FIDDLER, GONZÁLEZ & RODRÍGUEZ, P.S.C., BANKRUPTCY CASE NUM. 17-03403
(MCF)

Dear legal representatives of Microsoft Corporation:

The Law Firm Fiddler, González & Rodríguez, P.S.C. (the "Debtor") filed a Voluntary Petition under the provisions of Chapter 7 of the Bankruptcy Code on May 16, 2017 (the "Petition Date") in the U.S. Bankruptcy Court for the District of Puerto Rico (the "Court"). Thereafter, pursuant to 11 U.S.C. §701, the United States Trustee appointed Mrs. Noreen Wiscovitch-Rentas, Esq. as the Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate for its orderly liquidation (See Attachment 1). Our legal firm has been retained by the Trustee and approved by the Bankruptcy Court to assist and provide legal counsel to the Trustee. (See Attachment 2) To that effect, Microsoft Corporation ("Microsoft") has been identified as an entity who was involved with Debtor's electronic network communications systems and was also listed as a Creditor in the case of reference.

The present communication is to request immediate attention and assistance from Microsoft in preserving all records and any and all electronic communications and documents of the Debtor, which may be relevant to the case of reference, and specifically to the forthcoming litigation of several causes of action against certain third parties for counts including, but not limited to, breach of contract, breach of fiduciary duty, and several counts of fraud.

To comply with the Trustee's legal obligations, we must make all reasonable effects and efforts to preserve, recover or suspend from deletion, overwriting, modification, or other destruction of any and all relevant documents, papers, communications or any electronic data in your possession, custody, or control that is relevant to these litigation matters.

As used in this Notice, the terms "communications", "data", "document", "information", "papers" are used in the broadest sense and apply not only to paper documents but also electronic documents

1

or communications. In short, all documents and information, in whatever form, that is relevant to these matters must be retained and preserved. At this juncture, the Trustee has retained certain professionals for a forensic reconstruction of Debtor's business operations and affairs, including the services of Mr. Marcel Morales and his Firm Moratek Solutions and Consulting Services, LLC as Technology Consultant of the estate (the "Technology Consultant").

The Technology Consultant has attempted to access the Debtor's Outlook network through Office 365, a crucial element in the reconstruction of Debtor's business affairs. On February 26, 2018, the Technology Consultant received a communication by a Microsoft representative directing him that the service request numbered SRX1405737833ID; opened to gain access to Debtor's network had been cancelled "as you will need to contact the legal department in order to gain access".

Regarding the scope of the preservation, all communications, data, documents, information and papers that have taken place since the Petition Date, and the four (4) years prior to the Petition Date, which is on or about May 16, 2013 must be retained. If Microsoft is unsure about whether certain paper or electronic documents are relevant, it should preserve them. Microsoft must continue to preserve all paper and electronic documents or communications until it has received written notice that the litigation hold has been released.

Preservation is mandatory. Electronically stored information is an important and potentially irreplaceable source of discovery in this matter. Failure to retain these documents or communications, whether intentionally or accidentally or to ignore this Notice may result in the Trustee's inability to prosecute its claims or defend herself in this matter. Failure to do so could also result in financial and legal hardship against the Trustee that could negatively affect the outcome of this legal matter and all parties-in-interest. Thus, Microsoft must take every reasonable step to preserve this information until further written notice.

The Trustee considers these litigation matters to be confidential and, unless otherwise permitted, you should not discuss, publish or disclose any information relating these matters without permission from our offices. If you are aware of any individuals or service providers that should have been listed on this notice that you believe may have additional and relevant information, such as those who may be under your supervision, direction, or control, please notify our offices. Additionally, if you know of any other former employees who may have relevant materials, please forward the names to our offices.

Should Microsoft have any questions about this notice or its responsibilities to comply with this notice, please contact our offices at the above-listed number. We may also be following up with you directly regarding the preservation or collection of your data in response to this litigation hold notice.

Please reply to acknowledge that you have read and understood the preservation obligation stated in this litigation hold notice. Microsoft's attention and assistance with this Notice is greatly appreciated. If you have any doubts or comments regarding the foregoing, please contact our offices as soon as practically possible.

Sincerely,

Javier Vilariño, Esq.

**IN THE UNITED STATES BANKRUPTCY COURT**

**District of Puerto Rico**

| | |
|---|---|
| IN RE: | Case No. **17–03403 MCF** |
| **FIDDLER GONZALEZ & RODRIGUEZ PSC** | Chapter **7** |
| **66–0243707** | |
| Debtor(s) | FILED & ENTERED ON 7/11/17 |

### *ORDER*

The court having considered the application of the Chapter 7 trustee to employ Javier Vilarino and declaration in support thereof, and it appearing that Javier Vilarino is a disinterested person and that the employment of said attorney (general counsel) is in the best interest of this estate, it is hereby

ORDERED that the Chapter 7 trustee herein is authorized to employ Javier Vilarino as attorney (general counsel), with compensation to be paid in such amounts as may be allowed by the Court upon proper application and notice thereof.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Tuesday, July 11, 2017 .

*Mildred Caban*

**Mildred Caban Flores**
**United States Bankruptcy Judge**

**Information to identify the case:**

Debtor

**FIDDLER, GONZLEZ & RODRGUEZ, P.S.C.**

EIN **06–6243707**

Name

United States Bankruptcy Court **District of Puerto Rico**

Date case filed for chapter **7   5/16/17**

Case number:  **17–03403 –MCF 7**

## Official Form 309C (For Corporations or Partnerships)

## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline

12/15

**For the debtor listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| 1. Debtor's full name | FIDDLER, GONZLEZ & RODRGUEZ, P.S.C. | |
|---|---|---|
| 2. All other names used in the last 8 years | | |
| 3. Address | 254 MUOZ RIVERA AVE.<br>ORIENTAL BANK BUILDING<br>6TH FLOOR<br>SAN JUAN, PR 00918 | |
| 4. Debtor's attorney<br>Name and address | MARIA MERCEDES FIGUEROA Y MORGADE<br>FIGUEROA Y MORGADE LEGAL ADVISORS<br>3415 ALEJANDRINO AVE., APT. 703<br>GUAYNABO, PR 00969–4956 | Contact phone (787)234–3981<br>Email figueroaymorgadelaw@yahoo.com |
| 5. Bankruptcy trustee<br>Name and address | NOREEN WISCOVITCH RENTAS<br>PMB 136<br>400 CALAF STREET<br>SAN JUAN, PR 00918 | Contact phone 787–946–0132<br>Email courts@nwr–law.com |
| 6. Bankruptcy clerk's office<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901 | Hours open 8:00 AM – 4:00 PM<br><br>Contact phone (787) 977–6000<br><br>Date: 5/16/17 |
| 7. Meeting of creditors<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | June 22, 2017 at 09:30 AM<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>OCHOA BUILDING, 500 TANCA STREET<br>, FIRST FLOOR, SAN JUAN, PR 00901 |
| 8. Proof of claim<br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now.<br><br>If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| 9. Creditors with a foreign address | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**DISTRICT OF PUERTO RICO**

Case number (if known): _____   Chapter   __7__

☐ Check if this is an
amended filing

## Official Form 201

## Voluntary Petition for Non-Individuals Filing for Bankruptcy                12/15

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and
the case number (if known).  For more information, a separate document, Instructions for Bankruptcy Forms for Non-
Individuals, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **FIDDLER, GONZÁLEZ & RODRÍGUEZ, P.S.C** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | __6__ __6__ – __0__ __2__ __4__ __3__ __7__ __0__ __7__ |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **254 MUÑOZ RIVERA AVE.** | **P O BOX 363507** |
| Number    Street | Number    Street |
| **ORIENTAL BANK BUILDING** | |
| | P.O. Box |
| **6TH FLOOR** | |
| **SAN JUAN**     **PR**   **00918** | **SAN JUAN**     **PR**   **00936-3507** |
| City              State   ZIP Code | City              State   ZIP Code |
| **SAN JUAN** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number    Street |
| | City              State   ZIP Code |

5. **Debtor's website (URL)**

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor **FIDDLER, GONZÁLEZ & RODRÍGUEZ, P.S.C**      Case number (if known) _____

**7. Describe debtor's business**

   *A. Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☑ None of the above

*B. Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

  *C.* NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes

     __5__ __4__ __1__ __1__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☑ Chapter 7
☐ Chapter 9
☐ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy Under Chapter 11 (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____    When _____ Case number _____
                                    MM / DD / YYYY

         District _____    When _____ Case number _____
                                    MM / DD / YYYY

         District _____    When _____ Case number _____
                                    MM / DD / YYYY

Debtor **FIDDLER, GONZÁLEZ & RODRÍGUEZ, P.S.C**                    Case number (if known) _____

| | |
|---|---|
| 10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☑ No<br>☐ Yes.   Debtor _____   Relationship _____<br><br>District _____   When _____<br>                                                         MM / DD / YYYY<br>Case number, if known _____<br><br>Debtor _____   Relationship _____<br><br>District _____   When _____<br>                                                         MM / DD / YYYY<br>Case number, if known _____ |

| | |
|---|---|
| 11. **Why is the case filed in this district?** | *Check all that apply:*<br><br>☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| | |
|---|---|
| 12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No<br>☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?**     *(Check all that apply.)*<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>   What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?**   _____<br>                                             Number    Street<br><br>                                   _____<br><br>                                   _____   _____   _____<br>                                   City                           State      ZIP Code<br><br>**Is the property insured?**<br><br>☐ No<br>☐ Yes.  Insurance agency _____<br>            Contact name _____<br>            Phone _____ |

## Statistical and adminstrative information

| | |
|---|---|
| 13. **Debtor's estimation of available funds** | *Check one:*<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

Official Form 201              **Voluntary Petition for Non-Individuals Filing for Bankruptcy**              page 3

Debtor **FIDDLER, GONZÁLEZ & RODRÍGUEZ, P.S.C**                    Case number (if known) _____

| | | | |
|---|---|---|---|
| **14. Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☑ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☑ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☑ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to
$500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **17. Declaration and signature of authorized representative of debtor** | ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>■ I have been authorized to file this petition on behalf of the debtor.<br><br>■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on **05/16/2017**<br>MM / DD / YYYY<br><br>X **/s/ KENNETH C. BURY**          **KENNETH C. BURY**<br>Signature of authorized representative of debtor    Printed name<br><br>Title **GENERAL ADMINISTRATOR** |
| **18. Signature of attorney** | X **/s/ MARIA MERCEDES FIGUEROA Y MORGADE**      Date **05/16/2017**<br>Signature of attorney for debtor                MM / DD / YYYY<br><br>**MARIA MERCEDES FIGUEROA Y MORGADE**<br>Printed name<br>**MARIA MERCEDES FIGUEROA Y MORGADE**<br>Firm name<br>**3415 ALEJANDRINO AVE.**<br>Number      Street<br>**APT. 703** |

| | | |
|---|---|---|
| **GUAYNABO** | **PR** | **00969** |
| City | State | ZIP Code |

| | |
|---|---|
| **(787) 234-3981** | **figueroaymorgadelaw@yahoo.com** |
| Contact phone | Email address |
| **207108** | **PR** |
| Bar number | State |

EXHIBIT 4

**rnegron@vilarinolaw.com**

| | |
|---|---|
| **From:** | Javier Vilariño <jvilarino@vilarinolaw.com> |
| **Sent:** | Thursday, December 6, 2018 4:24 PM |
| **To:** | Roberto Negron |
| **Subject:** | FW: In re. Fiddler - 17-03403 (MCF) |
| **Attachments:** | litigation hold letter.pdf; Subpoena Production of Documents.pdf; Subpoena_-_formb_2570_-_MICROSOFT.pdf |
| | |
| **Importance:** | High |

Javier Vilariño, Esq.

Vilariño&AssociatesLLC

PO Box 9022515
San Juan PR 00902-2515
Phone: 787-565-9894
jvilarino@vilarinolaw.com

Please consider the environment before printing this email.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  If you have received this communication by error, please notify us immediately by e-mail, and delete the original message.

**From:** Javier Vilariño <jvilarino@vilarinolaw.com>
**Sent:** Tuesday, November 06, 2018 10:03 AM
**To:** 'v-angtor@microsoft.com' <v-angtor@microsoft.com>; 'morivera@microsoft.com' <morivera@microsoft.com>
**Cc:** Jeselle Marrero <jmarrero@vilarinolaw.com>
**Subject:** In re. Fiddler - 17-03403 (MCF)
**Importance:** High

Dear Mrs. Torres and Mrs. Rivera.

Our legal firm has been authorized by the U.S. Bankruptcy Court to assist and provide legal counsel to the Chapter 7 Trustee in the bankruptcy case of the law firm Fiddler, Gonzalez, Rodriguez P.S.C.  (See Attached litigation hold letter and exhibits)  To that effect, Microsoft Corporation ("Microsoft") has been identified as an entity who was involved with Debtor's electronic network communications systems and was also listed as a Creditor in the case of reference.

On March 8, 2018, we sent to Microsoft Corporation (CELA), an Important legal hold notice, to your legal department at the following postal mail:

Attn. Microsoft Corporation (CELA)
One Microsoft Way
Redmond, WA 98052-6399

On June 19, 2018, we sent an official subpoena to the following address:

1

Microsoft PR S.A.
City View Plaza I
Suite # 48 State Rd. 165
KM 1.2 Guaynabo PR 00968-8046

The subpoena was never responded and our attempts to communicate with Microsoft has been to no avail. We would like to resolve this matter without Court intervention. We need the information requested as part of our investigation of Debtor's financial affairs. Therefore, please confirm receipt of these documents attached. Your confirmation will serve for us to avoid incurring in legal fees to move the bankruptcy court for an expedited order to compel against Microsoft Corporation. If after review of the documentation, you still need more information, we are available to discuss, don't hesitate to contact me.

Best regards.

Javier Vilariño, Esq.

Vilariño&AssociatesLLC

PO Box 9022515
San Juan PR 00902-2515
Phone: 787-565-9894
jvilarino@vilarinolaw.com

Please consider the environment before printing this email.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  If you have received this communication by error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 5

**rnegron@vilarinolaw.com**

| | |
|---|---|
| **From:** | Javier Vilariño <jvilarino@vilarinolaw.com> |
| **Sent:** | Thursday, December 6, 2018 4:25 PM |
| **To:** | Roberto Negron |
| **Subject:** | FW: Notice of Objections - Fiddler, Gonzalez & Rodriguez PSC Ch. 7 BK |

Javier Vilariño, Esq.

# Vilariño&AssociatesLLC

PO Box 9022515
San Juan PR 00902-2515
Phone: 787-565-9894
jvilarino@vilarinolaw.com

Please consider the environment before printing this email.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  If you have received this communication by error, please notify us immediately by e-mail, and delete the original message.

**From:** Javier Vilariño <jvilarino@vilarinolaw.com>
**Sent:** Monday, November 19, 2018 6:28 PM
**To:** 'Drew Wilkinson (CELA)' <anwilkin@microsoft.com>
**Subject:** RE: Notice of Objections - Fiddler, Gonzalez & Rodriguez PSC Ch. 7 BK

Drew.

Thank you for your prompt response. The domain is fgrlaw.com. As discussed, please place the hold in the accounts and let us know if you need any more information in order to produce the admin passwords.

Regards.

Javier Vilariño, Esq.

# Vilariño&AssociatesLLC

PO Box 9022515
San Juan PR 00902-2515
Phone: 787-565-9894
jvilarino@vilarinolaw.com

Please consider the environment before printing this email.

The information contained in this e-mail message is intended only for the personal and confidential use of the

recipient(s) named above.  If you have received this communication by error, please notify us immediately by e-mail,
and delete the original message.

---

**From:** Javier Vilariño <jvilarino@vilarinolaw.com>
**Sent:** Monday, November 19, 2018 5:48 PM
**To:** 'Drew Wilkinson (CELA)' <anwilkin@microsoft.com>
**Subject:** RE: Notice of Objections - Fiddler, Gonzalez & Rodriguez PSC Ch. 7 BK

Dear Mr. Wilkinson.

We are in receipt of the documents forwarded to our offices. I would like to discuss this matter with you regarding
access to O365 accounts tagged to the bankruptcy debtor of reference. I just left a message in your voice mail, you can
reach me at 787-565-9894.

Thank you.

Javier Vilariño, Esq.

---

# Vilariño&AssociatesLLC

PO Box 9022515
San Juan PR 00902-2515
Phone: 787-565-9894
jvilarino@vilarinolaw.com

Please consider the environment before printing this email.

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  If you have received this communication by error, please notify us immediately by e-mail,
and delete the original message.

---

**From:** Drew Wilkinson (CELA) <anwilkin@microsoft.com>
**Sent:** Monday, November 19, 2018 4:35 PM
**To:** jvilarino@vilarinolaw.com
**Subject:** Notice of Objections - Fiddler, Gonzalez & Rodriguez PSC Ch. 7 BK

Hello,

Please find Microsoft's objections to this matter attached; you should receive the signed originals via FedEx shortly.

Drew Wilkinson | Litigation Group

Microsoft

EXHIBIT 6



VIA FedEx and Email

November 19. 2018

Javier Vilarino
Vilarino & Associates LLC
PO Box 9022515
San Juan, PR 00902
(787) 565-9894
jvilarino@vilarinolaw.com

RE:     Subpoena in <u>Fiddler, Gonzalez & Rodriguez PSC Ch. 7 BK;</u> United States
        Bankruptcy Court for the District of Puerto Rico; Case No.: 17-03403
        (MCF)

Dear Mr. Vilarino,

Microsoft is in receipt of your subpoena referenced above requesting the production of data pertaining to the account(s) of: please provide account(s). Please be advised that Microsoft responds to formally served subpoenas served on Microsoft's registered agent in the requesting party's state. **Microsoft does not respond to faxed or mailed requests and objects to the subpoena for insufficient service of process.**

Your letter and attached materials do not identify an account against which any action can be taken. Therefore, we have not confirmed the existence of the O365 domain accounts listed in the request. However, if the accounts do exist, any associated data is owned and controlled by the customer. Enterprise data may include proprietary or other sensitive information, including information that is subject to certain privileges or confidentiality obligations. The customer is solely in control of the administrator account and is capable of retrieving information more quickly and efficiently, and as a result with less burden, than Microsoft. It is our policy to notify our enterprise customers, unless legally prohibited, of any requests for their data, and to request that the issuing party obtain the information directly from the customer. To ensure this subpoena is fulfilled consistent with any rights or privileges applicable to the data, please direct your subpoena for any O365 accounts to the customer. Microsoft therefore objects on the basis that the data is owned and controlled by the customer.

<u>OBJECTION TO PRESERVATION</u>

Microsoft hereby objects to any request that it preserve the domain account sought by your subpoena. To the extent the subpoena seeks domain-wide information, it is overbroad, unduly burdensome, and disproportionate to the needs of the case. *See* Fed. R. Civ. P. 37(e) advisory committee note (explaining that the Federal Rules' proportionality principles apply to the scope of pre-production preservation); *see also Lord Abbett Mun. Income Fund, Inc. v. Asami*, 2014 WL 5477639, at *3 (N.D. Cal. Oct. 29, 2014) ("the proportionality principle applies to the duty to preserve potential sources

Microsoft Corporation is an equal opportunity employer.

of evidence"); *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429 (W.D. Pa. 2004) (noting that the preservation of evidence may be "particularly burdensome" for nonparties because their interest in a given case is "miniscule," whereas the burdens can be "expensive and voluminous"). Any request for preservation is objectionable, moreover, because the customer retains control of the administrator account and is able to preserve responsive information more quickly and efficiently, and as a result with less burden, than Microsoft.

[Subject to, and without waiver of, the foregoing objections, Microsoft will be willing to consider preserving a narrower and less burdensome set of information while you direct your request for production to the customer.]

<u>OBJECTION TO PRODUCTION OF EMAIL CONTENT</u>

Your Subpoena Request seeks the production of email content for some or all of the Target Account(s). We hereby object to each request for production of email content on the following ground:

We are concerned that the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §2510 to §2711, may prohibit the disclosure of email content in electronic storage without the consent of the account holder. It appears that Microsoft's MSN, MSN TV (formerly WebTV) and Hotmail Services ("MSN Services") fall within either the definition of a "person or entity providing an electronic communication service to the public" or "a person or entity providing remote computing service to the public." 18 U.S.C. §2702(a), (b). If either of these provisions apply to Microsoft's MSN Services, it would appear that they also prohibit Microsoft from divulging email content in electronic storage because it does not appear that any of the exemptions in 18 U.S.C. §2702(b) are applicable in this case. Further, the exemptions under 18 U.S.C. §2702(b) do not authorize Microsoft to divulge such content in response to a civil subpoena or even a court order.

As you will see from your review of this very complicated privacy legislation, if our concern is correct that the ECPA prohibits the disclosure of email content in electronic storage by Microsoft's MSN Services without the consent of the account holder, the unauthorized disclosure of such content could subject Microsoft and you to serious civil and criminal penalties. 18 U.S.C. §2707.

We are not aware of any controlling authority holding that services such as Microsoft's MSN Services are permitted by the ECPA to disclose email content in electronic storage in response to a civil subpoena. To the contrary, courts have ruled that contents of communications may not be disclosed to civil litigants even when presented with a civil subpoena. *O'Grady v. Superior Court*, 139 Cal.App.4th 1423, 1448 (Cal.App. 2006); *accord* The U.S. Internet Service Provider Association, *Electronic Evidence Compliance–A Guide for Internet Service Providers*, 18 BERKELEY TECH. L. J. 945, 965 (2003) ([No Stored Communications Act provision] "permits disclosure pursuant to a civil discovery order unless the order is obtained by a government entity. ... [T]he federal prohibition against divulging email contents remains stark, and there is no obvious exception for a civil discovery order on behalf of a private party."); *see also Federal Trade Comm'n v. Netscape Communications Corp.*, 196 F.R.D. 559, 561 (N.D. Cal. 2000) ("There is no reason for the court to believe that Congress could not have specifically included discovery subpoenas in the statute had it meant to."); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606 (E.D.Va. 2008) ("Agreeing


Microsoft

with the reasoning in *O'Grady,* this Court holds that State Farm's subpoena may not be enforced consistent with the plain language of the Privacy Act because the exceptions enumerated in § 2702(b) do not include civil discovery subpoenas."); *J.T. Shannon Lumber Co., Inc. v. Gilco Lumber Inc.,* 2008 WL 4755370 (N.D.Miss. 2008) (holding there is no "exception to the [SCA] for civil discovery or allow for coercion of defendants to allow such disclosure."); *Viacom Intern. Inc. v. Youtube Inc.,* 253 F.R.D. 256 (S.D.N.Y. 2008) ("ECPA § 2702 contains no exception for disclosure of [the content of] communications pursuant to civil discovery requests.")

As you can understand, given the severity of the penalties under the ECPA, we cannot release email content in response to your Subpoena without firm assurance that the requirements of the ECPA are met.  Therefore, until we are provided with the valid, written consent of the account holder(s), we must object.

Moreover, subpoenas that compel the production of all e-mail from the account, without any effort to limit the scope to only e-mail related to the subject matter of the litigation, or messages sent during some relevant time period or to or from certain persons, are unlawful and invalid on their face.  Theofel v. Farey-Jones, 359 F.3d 1066 (9th Cir. 2004).  Accordingly, if your subpoena requests the production of all e-mail content, Microsoft objects on the basis that the subpoena is invalid.

OBJECTION TO PRODUCTION OF MATERIAL SUBJECT TO EU LAW

Microsoft objects to the production of information sought by your subpoena to the extent it is subject to EU Regulation 2016/679, the General Data Protection Regulation ("GDPR").  Microsoft is currently determining whether the data sought by your subpoena is subject to the GDPR; the process for making this determination takes approximately two weeks. Subject to, and without waiver of this objection, Microsoft may produce information responsive to your subpoena that Microsoft determines is not subject to the GDPR and/or non-content information with the consent of the account holder.

AVAILABILITY OF EMAIL CONTENT

Please be advised that contrary to what appears to be a popular conception, Microsoft does not maintain comprehensive archives of email content sent from or received by any of its Outlook or O365 services. **Microsoft does not retain deleted mail or sent items not saved by the user.** All of the email content possessed by Microsoft with regard to any given user account consists only of those emails accessible to the account holder–i.e. unread emails in the account holder's "Inbox" or emails saved to the account by the account holder or by automated processes–e.g. some accounts can be set to automatically save copies of sent items.

Given that the email content in Microsoft's possession with regard to the Target Accounts is readily accessible to the account holder(s), we believe that it is more appropriate and cost effective for you to seek discovery of the email content you seek directly from the account holder.

As Microsoft is not a party to this matter and has no interest in its outcome, it is neither Microsoft's intent, nor its desire, to hinder or delay production of the documents requested by you.  Microsoft has implemented the procedural requirements noted above in order to conform with what it believes to be proper under applicable local, state, and federal laws and public policies.



If you wish to discuss this matter further, or if you have any questions or concerns, please feel free to contact me at any time at 425-703-9892.

Sincerely yours,

MICROSOFT CORPORATION

Drew Wilkinson
Custodian of Records



**rnegron@vilarinolaw.com**

| | |
|---|---|
| **From:** | Javier Vilariño <jvilarino@vilarinolaw.com> |
| **Sent:** | Friday, January 18, 2019 5:56 PM |
| **To:** | brienj@microsoft.com; Drew Wilkinson (CELA) |
| **Cc:** | Roberto Negron |
| **Subject:** | RE: Notice of Objections - Fiddler, Gonzalez & Rodriguez PSC Ch. 7 BK |
| | |
| **Importance:** | High |

Dear Mr. Jacobsen:

We have tried every possible extrajudicial way to obtain the Office 365 administrative passwords owned by the bankruptcy estate of Fiddler, which my client, the Chapter 7 Trustee Noreen Wiscovitch, represents. Please be advised that if we don't receive the passwords on or before Tuesday, January 22, 2018 at 1:00 pm EST, we will be moving the Court for injunctive relief against Microsoft. The Trustee reserves all rights regarding this matter.

With nothing further, I remain.

Javier Vilariño, Esq.

---

Vilariño&AssociatesLLC

PO Box 9022515
San Juan PR 00902-2515
Phone: 787-565-9894
jvilarino@vilarinolaw.com

Please consider the environment before printing this email.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  If you have received this communication by error, please notify us immediately by e-mail, and delete the original message.

**From:** Javier Vilariño <jvilarino@vilarinolaw.com>
**Sent:** Monday, November 19, 2018 6:28 PM
**To:** 'Drew Wilkinson (CELA)' <anwilkin@microsoft.com>
**Subject:** RE: Notice of Objections - Fiddler, Gonzalez & Rodriguez PSC Ch. 7 BK

Drew.

Thank you for your prompt response. The domain is fgrlaw.com. As discussed, please place the hold in the accounts and let us know if you need any more information in order to produce the admin passwords.

Regards,

Javier Vilariño, Esq.

# Vilariño&AssociatesLLC

PO Box 9022515
San Juan PR 00902-2515
Phone: 787-565-9894
jvilarino@vilarinolaw.com

Please consider the environment before printing this email.

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  If you have received this communication by error, please notify us immediately by e-mail,
and delete the original message.

**From:** Javier Vilariño <jvilarino@vilarinolaw.com>
**Sent:** Monday, November 19, 2018 5:48 PM
**To:** 'Drew Wilkinson (CELA)' <anwilkin@microsoft.com>
**Subject:** RE: Notice of Objections - Fiddler, Gonzalez & Rodriguez PSC Ch. 7 BK

Dear Mr. Wilkinson.

We are in receipt of the documents forwarded to our offices. I would like to discuss this matter with you regarding
access to O365 accounts tagged to the bankruptcy debtor of reference. I just left a message in your voice mail, you can
reach me at 787-565-9894.

Thank you.

Javier Vilariño, Esq.

---

# Vilariño&AssociatesLLC

PO Box 9022515
San Juan PR 00902-2515
Phone: 787-565-9894
jvilarino@vilarinolaw.com

Please consider the environment before printing this email.

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  If you have received this communication by error, please notify us immediately by e-mail,
and delete the original message.

**From:** Drew Wilkinson (CELA) <anwilkin@microsoft.com>
**Sent:** Monday, November 19, 2018 4:35 PM
**To:** jvilarino@vilarinolaw.com
**Subject:** Notice of Objections - Fiddler, Gonzalez & Rodriguez PSC Ch. 7 BK

Hello,

Please find Microsoft's objections to this matter attached; you should receive the signed originals via FedEx shortly.

Drew Wilkinson | Litigation Group

Microsoft